## Commonwealth v. Ebling

*George W. Tracy*, for Commonwealth.
*Arthur Lefkoe*, for defendant.

HONEYMAN, J., September 29, 1964.—On April 26, 1964, at approximately 2:50 a.m., defendant was operating a tractor and "extendable trailer" owned and operated by Aero Trucking Company of Oakdale, Pennsylvania, on the Schuykill Expressway, enroute from Camden, New Jersey, to Cleveland, Ohio. The cargo consisted of 8 crated poles, the longest of which was 57 feet in length. The trailer involved was basically 35 feet long, but because of its extra-length load it was extended so that the rearmost wheels were moved in order to balance safely the extra weight and length of the load. While operating said tractor-trailer combination, defendant was arrested by the Pennsylvania State Police for an alleged violation of article IX, sec. 902(c) of the Motor Vehicle Code, 75 PS §902(c), in that the vehicles' overlength measured 11 feet 8 inches in excess of the 55 feet permitted maximum. On July 10, 1964, after defendant waived a hearing before the magistrate, a hearing was held before the undersigned, and defendant was found guilty as charged, whereby the instant appeal was taken.

Section 902(c) of the code reads as follows:

". . . No combination of two (2) vehicles or tractors, inclusive of load and bumpers coupled together, shall exceed a total maximum length of six hundred (600) inches, excepting that until but not after January 1, 1967, a combination of a trailer or semi-trailer and a truck-tractor which truck-tractor is properly registered in Pennsylvania on the effective date of this act may be of a total maximum length of six hundred

sixty (660) inches inclusive of load and bumpers coupled together. Nothing in this subsection shall prohibit the transportation by a combination of vehicles of articles impossible of dismemberment, which do not exceed seventy (70) feet."

The language of the above cited section is somewhat obscure, but it appears obvious that the legislature intended to make allowance for the transportation of articles such as flag poles, oversized steel beams, and the like. It cannot be contemplated that the legislature envisaged a load of up to 70 feet, or 840 inches, being transported by a trailer on 40 feet long with 30 feet of the load extending out beyond the end of the trailer. The standard tractor is 15 feet long, and since the maximum permissible length of tractor and trailer is 55 feet, this would only permit a 40 foot trailer. If the legislature intended to permit loads of up to 70 feet long being carried on the highways, it must be assumed that safe vehicular arrangement to carry such loads was also foreseen.

A strict interpretation of section 902(c) would create a greater traffic hazard and would make such vehicles unsafe on the highways since a large part of a long object such as a flag pole would necessarily hang out in back of the rearmost wheels of combination vehicles. In ascertaining the intention of the legislature in the enactment of a law, the courts may presume it did not intend a result that is absurd or unreasonable: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552(1). Thus it seems apparent that the code intended to permit combinations of vehicles of sufficient length to transport articles which are incapable of dismemberment measuring up to 70 feet in a safe manner. The interpretation placed upon section 902(c) by the State Police in the instant case is at variance with the clear intent of the legislature.

*Order*

And now, September 29, 1964, defendant's motion in arrest of judgment is hereby allowed, and defendant is ordered discharged.